1   DANIEL G. BOGDEN
    United States Attorney
2   District of Nevada
    STEVEN W. MYHRE
3   DANIEL R. SCHIESS
    Assistant United States Attorneys
    333 Las Vegas Boulevard South, Suite 5000
4   Las Vegas, Nevada  89101
    702-388-6336



5

6               UNITED STATES DISTRICT COURT
7                   DISTRICT OF NEVADA
8

9   UNITED STATES OF AMERICA,        )
                                     )   2:12-cr-0400-JAD-GWF
10              Plaintiff,           )
                                     )   **PLEA AGREEMENT UNDER**
11      vs.                          )   **FED. R. CRIM. P. 11 (c)(1)(A) and**
                                     )   **(B)**
12  ASHLEE M. MARTIN,                )
                                     )   **Pretrial Diversion**
13              Defendant.           )
                                     )   **Deferred Entry of Judgment**
14  _____

15      Plaintiff United States of America, by and through DANIEL G. BOGDEN,

16  United States Attorney, and Steven W. Myhre and Daniel R. Schiess, Assistant

17  United States Attorneys, the defendant, Ashlee M. MARTIN, and the defendant's

18  attorney, Craig W. Drummond, Esq., submit this Plea Agreement under Fed. R.

19  Crim. P. 11(c)(1)(A and B).

20  **I.    SCOPE OF AGREEMENT**

21      The parties to this Plea Agreement are the United States of America and

22  defendant, Ashlee M. Martin.  This Plea Agreement binds the defendant and the

23  United States Attorney's Office for the District of Nevada.  It does not bind any

24

other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding criminal charges referenced in the Plea Agreement and applicable sentences, fines, restitution and forfeiture. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the defendant.

## II.  DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A.  <u>Guilty Plea</u>.  The defendant knowingly and voluntarily agrees to plead guilty to Count 9 of the Indictment:  Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h).

B.  <u>Pretrial Diversion</u>.  Upon the Court's acceptance of the defendant's guilty plea and accompanying factual basis, the parties will request that the Court defer entry of judgment and sentencing for a period of 12 months, to commence from the date the defendant enters her plea in open court.

During the 12-month period, the parties agree that the defendant shall remain subject to the supervision of United States Pretrial Services and continue to follow and abide by the terms and conditions of pretrial release as set forth in the Court's Order of December 20, 2012 (Document 57), as modified by the Court's Order of January 14, 2014 (Document # 165), both of which are incorporated herein by reference (collectively referred to as "the conditions").  The conditions include, but are not limited to, the following:

1.  The defendant will not violate any federal, state or local law.

2.   The defendant must immediately advise the court, defense counsel, and the U.S. Attorney in writing before changing address or telephone number.

3.   The defendant must appear in court as required.

4.   The defendant must actively seek and/or maintain employment and notify U.S. Pretrial Services before making any change in employment.

5.   The defendant must maintain or commence an education program.

6.   The defendant will not use or possess any illegal controlled substances and will not knowingly associate with anyone who does.

7.   The defendant will submit to drug/alcohol testing as directed by U.S. Pretrial Services.

8.   The defendant will not possess a firearm, destructive device, or other dangerous weapon.

9.   The defendant will participate in a program of inpatient or outpatient substance abuse therapy and counseling.

10.  The defendant will refrain from any contact or communication with the co-defendants in this case and any and all victims or witnesses in this case.

If, at the end of the 12-month period, the defendant has complied with the conditions and otherwise successfully completed the diversion period, the United

States will move to dismiss the charges contained in the Indictment against the defendant.

If, on the other hand, during that same 12-month period, the defendant violates any of the conditions contained in this agreement, as found by the Magistrate Judge after a hearing pursuant to Title 18, United States Code, Section 3148, a presentence report will be ordered and the matter will be set for a sentencing hearing in the normal course of business and in accord with the agreed upon sentencing provisions contained in this Plea Memorandum.

The parties further agree that the Magistrate Judge shall be the final arbiter of any violation, and there will be no appeal to the district court or any higher court.   In the event the Magistrate Judge finds that the defendant has violated a condition, the defendant agrees not withdraw her guilty plea.

The defendant is aware of the right to a speedy trial on these charges and expressly waives that right.   In addition, the defendant stipulates that the time period from the proffer of this plea of guilty until the conclusion of the diversionary proceedings is excludable time pursuant to 18 U.S.C. §§ 3161(h)(2) and (7)(A).

C.    Waiver of Trial Rights.   The defendant acknowledges that she has been advised and understands that by entering a plea of guilty she is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States.   Specifically, the defendant is giving up:

1.    The right to proceed to trial by jury on all charges, or to a trial by a judge if the defendant and the United States both agree;

2.      The right to confront the witnesses against the defendant at such a trial, and to cross-examine them;

3.      The right to remain silent at such a trial, with assurance that his silence could not be used against her in any way;

4.      The right to testify in her own defense at such a trial if she so chooses;

5.      The right to compel witnesses to appear at such a trial and testify in the defendant's behalf; and

6.      The right to have the assistance of an attorney at all stages of such proceedings.

D.      <u>Withdrawal of Guilty Plea</u>.  The defendant will not seek to withdraw her guilty plea after she has entered it in court.

E.      <u>Additional Charges</u>.   The United States agrees not to bring any additional charges against the defendant arising out of the investigation in the District of Nevada which culminated in this Plea Agreement and based on conduct known to the United States.

## III.   ELEMENTS OF THE OFFENSES

<u>Count 9</u>: The elements of Conspiracy to Commit Money Laundering in violation of Title 18, United States Code, Section 1956(h) are as follows:

1.      Beginning in or around September 2002 and continuing to on or about October 2012, there was an agreement between two or more person to commit the offense of money laundering in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), as charged in the indictment; and

2.     The defendant became a member of the conspiracy, knowing of at least one of its objects and intending to help accomplish it.

The elements of Money Laundering in violation of Title 18 United States Code, Section 1956(a)(1)(B)(i) are as follows:

1.     The defendant conducted or intended to conduct a financial transaction involving property that represented the proceeds of wire fraud or securities fraud;

2.     The defendant knew that the property represented the proceeds of wire fraud or securities fraud;

3.     The defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership or control of the proceeds of wire fraud or securities fraud.

## IV.   FACTS SUPPORTING GUILTY PLEA

A.     The defendant will plead guilty because she is, in fact and under the law, guilty of the crimes charged.

B.     The defendant acknowledges that if she elected to go to trial instead of pleading guilty, the United States could prove her guilt beyond a reasonable doubt. The defendant further acknowledges that her admissions and declarations of fact set forth below satisfy every element of the charged offenses.

C.     The defendant waives any potential future claim that the facts she admitted in this Plea Agreement were insufficient to satisfy the elements of the charged offenses.

D.     The defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

1.     From in or about September 2002 to in or about October 2012, defendant Thomas Cecrle and others devised and executed a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, half-truths, and promises.

2.     The objective of the scheme and artifice was to fraudulently induce victims to invest money in fake investment programs, including non-existent land and water rights.  Throughout the course and duration of the scheme, defendant Cecrle and others induced victims to invest money by using interstate wire communications and communication facilities to knowingly make false representations about the nature of the investment and to fraudulently lull investors into a false sense of security about the investment.

3.     To conceal and disguise the nature, location, source, ownership and control of the proceeds of the fraud, defendant Cecrle, and others, caused victims of the fraud to deposit money into bank accounts held in the name of others, thereafter withdrawing money, or causing its withdrawal, so Cecrle and others could convert the proceeds to their own use.   Two such accounts were held by defendant Martin.

4.     In or around 2009, defendant Martin gave Cecrle permission to provide others with her bank account information and allowed Cecrle to use her accounts for his purposes. From in or around June 2009 to October 2012, numerous deposits were made into Martin's accounts from sources unknown to her, the

deposits totaling to an amount in excess of $1.2 million.  During this same period, defendant Martin and Cecrle entered into a personal relationship and lived together at various hotel/casinos in and around Henderson and Las Vegas, Nevada.

5.    At all relevant times, defendant Martin knew, among other things, that: (1) numerous deposits of money were made into her bank accounts from unknown sources; (2) none of the deposits was comprised of money that she or Cecrle either earned from employment or had otherwise obtained through some known legitimate means; (3) both she and defendant Cecrle withdrew money from her account to support their daily living expenses; (4) both she and defendant Cecrle withdrew money from her account to purchase Methamphetamine to support their drug habits; (6) both she and defendant Cecrle withdrew money from the account to support Cecrle's gambling habit; and (7) defendant Cecrle was known to Martin as a storyteller who, she believed, frequently spun tales in a way that made them seem believable.

6.    The deposits into defendant Martin's account were comprised of proceeds from the wire and securities fraud scheme described above.  From in and around June 2009 to October 2012, defendant Martin agreed with defendant Cecrle to engage in monetary transactions that involved the fraudulent proceeds, including ATM withdrawals and account transfers related to Martin's bank accounts as charged in Counts Seventeen through Twenty of the Indictment.

7.    Based on her knowledge of the circumstances surrounding these events, defendant Martin knew there was a high probability that the deposits into her accounts were the result of illegal activity.  Despite knowing this, she

8

deliberately avoided learning the truth about the wire and securities fraud schemes described above, the proceeds resulting from the fraud, or that the transactions were designed to conceal or disguise the true source, nature and ownership of the proceeds.

## V.   COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the defendant does not plead guilty or withdraws her guilty pleas, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the defendant's behalf. The defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI.   APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A.   <u>Discretionary Nature of Sentencing Guidelines</u>.   The defendant acknowledges that the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

B.   <u>Offense Level Calculations</u>.   The parties stipulate to the following calculation of the defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will

not seek to apply any other specific offense characteristics, enhancements or reductions:

Base Offense Level [USSG § 2S1.1]:                                    8

Enhancements:

    Value of the laundered funds [USSG § 2B1.1]        +16

Reductions:

    (USSG §§ 3E1.1(a),(b))                                    (3)

Total                                                            21

The defendant acknowledges that the statutory maximum sentence and any statutory minimum sentence may limit the Court's discretion in determining the defendant's sentence notwithstanding any applicable Sentencing Guidelines provisions.

C.    <u>Reduction of Offense Level for Acceptance of Responsibility</u>.    Under USSG §3E1.1(a), the United States will recommend that the defendant receive a two-level downward adjustment for acceptance of responsibility unless she (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when she enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when she enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when she enters his guilty plea; (d) provides false or misleading information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g)

commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG §3E1.1(b), the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the defendant communicated her decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

These Sentencing Guidelines provisions, if applied, will result in a total offense level of 21.

D.    Criminal History Category.    The defendant acknowledges that the Court may base her sentence in part on the defendant's criminal record or criminal history.    The Court will determine the defendant's Criminal History Category under the Sentencing Guidelines.

E.    Relevant Conduct.    The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

F.    Additional Sentencing Information.    The stipulated Sentencing Guidelines calculations are based on information now known to the parties.    The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the defendant's criminal conduct and any aggravating or mitigating facts or circumstances.    Good faith

efforts to provide truthful information or to correct factual misstatements shall not be grounds for the defendant to withdraw his guilty plea.

The defendant acknowledges that the United States Probation Office may calculate the Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the defendant to withdraw his guilty plea.

## VII. APPLICATION OF SENTENCING STATUTES

A.   <u>Maximum Penalty</u>.  The maximum penalty for Conspiracy to Commit Money Laundering under Title 18, United States Code, Section 1956(h) is 20 years' imprisonment, a $500,000 fine, or both.  18 U.S.C. §§ 1956 (a)(1)(B) and (h).

B.   <u>Factors Under 18 U.S.C. § 3553</u>.  The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the defendant's sentence.  However, the statutory maximum sentence and any statutory minimum sentence limit the Court's discretion in determining the defendant's sentence.

C.   <u>Parole Abolished</u>.   The defendant acknowledges that her prison sentence cannot be shortened by early release on parole because parole has been abolished.

D.   <u>Supervised Release</u>.   In addition to imprisonment and a fine, the defendant will be subject to a term of supervised release not to exceed 5 years.  18 U.S.C. § 3583(b).   Supervised release is a period of time after release from prison

during which the defendant will be subject to various restrictions and requirements. If the defendant violates any condition of supervised release, the Court may order the defendant's return to prison for all or part of the term of supervised release, which could result in the defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of 20 years.

     E.   <u>Special Assessment</u>.   The defendant will pay a $100 special assessment per count at the time of sentencing.

## VIII. POSITIONS REGARDING SENTENCE

     The United States will recommend that the Court sentence the defendant to the low-end of the Sentencing Guidelines range determined by the Court unless the defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility. The defendant acknowledges that the Court does not have to follow that recommendation. The defendant also acknowledges that the Court does not have to grant a downward departure based on the defendant's substantial assistance to the United States, even if the United States chooses to file a motion pursuant to 18 U.S.C. § 3553(e)(1), USSG § 5K1.1, or Fed. R. Crim. P. 35.

     This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. Notwithstanding its agreement to recommend a low-end sentence, the United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The defendant may request a sentence below the Sentencing Guidelines range as calculated in this Plea Agreement pursuant to 18 U.S.C. § 3553 from any sentence the Court may impose, and the United States may oppose it.

## IX.   RESTITUTION

In exchange for benefits received under this Plea Agreement, the defendant agrees to pay restitution in the amount as determined by the Court at the time of sentencing.  The defendant cannot discharge her restitution obligation through bankruptcy proceedings.  The defendant acknowledges that restitution payments and obligations cannot offset or reduce the amount of any forfeiture judgment imposed in this case.

## X.   FORFEITURE

The government agrees not to seek forfeiture against the defendant for any offenses arising out of the investigation that led to the instant plea provided all other terms and conditions of this agreement remain in force.

## XI.   FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning her assets and her ability to pay.  The defendant will surrender assets she obtained directly or indirectly as a result of her crimes, and will release funds and property under her control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## XII.   COOPERATION

The defendant agrees, if requested by the United States, to provide complete and truthful information and testimony concerning the defendant's knowledge of all other persons who are committing or have committed offenses against the United States or any state, and agrees to cooperate fully with the United States and any state and local agencies in the investigation and prosecution of such persons. The defendant agrees that the information provided can be used against the defendant to establish relevant conduct for sentencing purposes.

In the event the United States Attorney decides in the sole discretion of the United States Attorney that the assistance provided by the defendant amounts to "substantial assistance" pursuant to USSG § 5K1.1, the United States will timely file a motion for downward departure from the applicable Guideline calculation. The Court has the sole discretion to grant such a motion.

The defendant agrees that a motion for downward departure based on substantial assistance shall not be made under any circumstances unless the defendant's cooperation is deemed to be substantial assistance by the United States Attorney. The United States has made no promise, implied or otherwise, that the defendant will be granted a departure for substantial assistance. Further, no promise has been made that such a motion will be made even if the defendant complies with the terms of this Plea Agreement in all respects but has been unable to provide substantial assistance as determined in the sole discretion of the United States Attorney.

The United States agrees to consider the totality of the circumstances, including but not limited to, the following factors, in determining whether, in the sole discretion of the United States Attorney, the defendant has provided substantial assistance which would merit a motion by the United States for a downward departure from the applicable Guideline:

     A.    The United States' evaluation of the significance and usefulness of the defendant's assistance;

     B.    The truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

     C.    The nature and extent of the defendant's assistance;

     D.    Any injury suffered, or any danger or risk of injury to the defendant or the defendant's family resulting from the defendant's assistance; and

     E.    The timeliness of the defendant's assistance.

The defendant agrees that in the event the United States files a downward departure motion based upon the defendant's substantial assistance, the United States reserves the right to make a specific recommendation to the Court regarding the extent of such a departure. The defendant understands and agrees that the final decision as to how much of a departure, if any, is warranted rests solely with the Court.

The defendant agrees that if the United States determines that the defendant has not provided full and truthful cooperation, or has committed any federal, state or local crime between the date of this agreement and the defendant's sentencing, or has otherwise violated any provision of this agreement, then (a) the

agreement and any of its obligations hereunder may be voided by the United States in its sole discretion, (b) the defendant may not withdraw the guilty plea, and (c) the defendant shall be subject to prosecution for all federal criminal offenses of which the United States has knowledge, including but not limited to, perjury and obstruction of justice. Any such prosecution may be based upon any information provided by the defendant or leads derived therefrom.

## XIII.  THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A.   <u>Plea Agreement and Decision to Plead Guilty</u>.   The defendant acknowledges that:

(1)   She has read this Plea Agreement and understands its terms and conditions;

(2)   She has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3)   She has discussed the terms of this Plea Agreement with his attorney;

(4)   The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5)   She was not under the influence of any alcohol, drug, or medicine that would impair her ability to understand the Agreement when she considered signing this Plea Agreement and when she signed it.

The defendant understands that she alone decides whether to plead guilty or go to trial, and acknowledges that she has decided to enter her guilty plea knowing of the charges brought against her, her possible defenses, and the benefits and

possible detriments of proceeding to trial. The defendant also acknowledges that she decided to plead guilty voluntarily and that no one coerced or threatened her to enter into this Plea Agreement.

B. <u>Waiver of Appeal and Post-Conviction Proceedings</u>. The defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to her conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

C. <u>Removal/Deportation Consequences</u>. The defendant understands and acknowledges that if she is not a United States citizen, then it is highly probable that she will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The defendant has also been advised if her conviction is for an offense described in 8 U.S.C. § 1101(a)(43), she will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The defendant desires to plead guilty regardless of any immigration consequences that may result from her guilty plea, even if the consequence is automatic removal from

1   the United States with no possibility of returning. The defendant acknowledges

2   that she has specifically discussed these removal/deportation consequences with

3   his attorney.

4   **XIV.   ADDITIONAL ACKNOWLEDGMENTS**

5        This Plea Agreement resulted from an arms-length negotiation in which

6   both parties bargained for and received valuable benefits in exchange for valuable

7   concessions.  It constitutes the entire agreement negotiated and agreed to by the

8   parties.  No promises, agreements or conditions other than those set forth in this

9   agreement have been made or implied by the defendant, the defendant's attorney,

10   or the United States, and no additional promises, agreements or conditions shall

11   have any force or effect unless set forth in writing and signed by all parties or

12   confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE 8/1/2014

STEVEN W. MYHRE
DANIEL R. SCHIESS
Assistant United States Attorneys

DATE July 31. 2014

CRAIG W. DRUMMOND
Counsel for the Defendant Ashlee Martin

DATE July 31, 2014

ASHLEE M. MARTIN
Defendant